The Ritz Carlton Restaurant and Hotel Company, Respondent, *v.* John R. Ditmars, Jr., Appellant.

Supreme Court, Appellate Term, First Department, March Term — Filed April, 1922.

**Practice — Municipal Court, city of New York — rule 113, Rules of Civil Practice, applicable — negotiable instruments — insufficient defenses — summary judgment granted.**

The procedure furnished by rule 113 of the Rules of Civil Practice may in a proper case be availed of in the Municipal Court of the city of New York. The answer in an action brought in said court on a promissory note pleaded as a defense that the note was given for the amount of plaintiff's bill against the defendant for accommodations furnished to him at plaintiff's hotel; that the indebtedness was that of defendant's employer, a corporation named; that about the date of the note plaintiff refused to permit defendant to remove his baggage from the hotel unless he made a payment on the bill and that defendant for the purpose of getting possession of his baggage made a payment to plaintiff and gave the note in suit for the balance of his bill. Upon a motion for summary judgment under rule 113 of the Rules of Civil Practice the affidavit of plaintiff showed that the pending actions set out in the answer as a defense to the suit were dismissed by judgments and the costs of such previous actions were paid to defendant's attorney. *Held*, that such averments were not satisfactorily met in defendant's opposing affidavit which stated that although two prior actions were discontinued, " there remains pending this action," and that summary judgment was properly awarded on the ground that there was no issue to be tried.

Appeal by defendant from judgment · of the Municipal Court of the city of New York, borough of Manhattan, ninth district, in favor of plaintiff.

*Cullom & Rinke* ( *Neil F. Cullom*, of counsel), for appellant.

*Rhinelander, Durkin & Perkins* (*Hugh M. Hewson*, of counsel), for respondent.

Guy, J. In this action upon a promissory note the defendant set up as a defense that the note was given for the amount of plaintiff's bill against defendant for accommodations furnished the defendant at plaintiff's hotel; that the indebtedness was one of defendant's employer, the United States Mail Steamship Company (or, as developed in the subsequent affidavits, the France and Canada Steamship Corporation); and that about the date of the note the plaintiff refused to permit defendant to remove his baggage from the hotel unless he made a payment on the bill; that the defendant, for the purpose of getting possession of his baggage,

made a payment to plaintiff and he gave the note in suit for the balance of the account. The answer also set up several pending actions upon the same cause of action set out in the complaint.

The plaintiff upon affidavits moved for summary judgment under rule 113 of the Rules of Civil Practice, and on the moving papers and the opposing affidavits the motion was granted.

Is rule 113 of the Rules of Civil Practice applicable to the Municipal Court?

That rule provides that in an action to recover a debt or liquidated demand arising on a contract, express or implied, sealed or not sealed, or on a judgment for a stated sum, upon affidavits of the plaintiff or of any other person having knowledge of the facts verifying the cause of action and stating the amount claimed and his belief that there is no defense to the action, the judge hearing the motion may strike out the answer and enter judgment therein on the motion, unless the defendant by affidavit or other proof shall show such facts as may be deemed by the judge hearing the motion sufficient to entitle him to defend. The rule was adopted for the purpose of doing away with the delay and expense resulting from the service of answers containing false and sham denials and defenses in suits for the enforcement of just and legal claims to which there was no defense in fact. *Dwan* v. *Massarene*, 199 App. Div. 872. If the result of the application of this rule is a beneficient one in actions brought in higher courts of record than the Municipal Court, it seems to me that in the absence of some substantial objection against resort to the rule in Municipal Court actions, suitors in that court should not be deprived of its benefits.

It was held in *Mitchell* v. *Schroeder*, 94 Misc. Rep. 270; affd., 174 App. Div. 857, that although the Municipal Court was a court of record, and although under section 15 of the Municipal Court Code providing that the practice, pleadings, forms and procedure in the Municipal Court, except otherwise provided, " shall conform, as nearly as may be, to the practice, pleadings, forms and procedure existing at the time in like causes in the supreme court, any statutory limitations, heretofore enacted, to the contrary thereof notwithstanding," the court or a judge thereof, prior to the enactment of chapter 610 of the Laws of 1916, had no power to order the examination of an adverse party before trial.

In respect to the application of rule 113, however, we have not only the provisions of section 15 of the Municipal Court Code above referred to, which would seem to be ample warrant for respondent's contention, but the expressed purpose of the legislature in providing for a convention to adopt the new rules of practice that such rules should be " binding upon all the courts in this state and all the

justices and judges thereof, except the court for the trial of impeachments and the court of appeals " (Laws of 1920, chap. 902), and further, the provisions of section 1 of the Civil Practice Act that such act " except as otherwise expressly provided, shall apply to the civil practice in all the courts of record of the state."

I am, therefore, of opinion that the procedure furnished by rule 113 was properly availed of in the court below.

It remains to be determined whether the facts shown in the affidavits authorized the granting of the summary judgment. It seems to me the essential point in the defense as to duress is whether the defendant's employer and not the defendant had obligated itself to plaintiff to pay for defendant's accommodation at the hotel. While it clearly appears that plaintiff received payments from defendant's employer, it does not appear that defendant was ever absolved from the responsibility of paying his own hotel bills. The nearest defendant comes to showing exemption of liability on his part is in the following portion of his affidavit: " On or about May or early June, 1920, when I was in the employ of France & Canada Steamship Corporation, I was introduced to plaintiff by Mr. J. R. Mayer, Vice-President of France & Canada Steamship Corporation. The purpose of the introduction was to enable me to obtain accommodation at plaintiff's hotel as agent for United States Mail Steamship Company and /or France & Canada Steamship Corporation and under an arrangement whereby said United States Mail Steamship Company and /or France & Canada Steamship Corporation would stand liable to pay all charges for such accommodation and I would have no personal responsibility therefor. Mr. J. R. Mayer personally took me to the desk at plaintiff's hotel and explained this situation to plaintiff's clerk in charge thereof and the latter assented to this arrangement."

I do not think that the fact that the Mr. Mayer referred to in the affidavit " explained the situation," and the plaintiff's clerk in charge assented to the arrangement, in the light of the other averments of the opposing affidavit, suffice to show that plaintiff was not personally liable for the hotel bills.

The plaintiff's affidavit shows that the pending actions set out in the answer as a defense to the suit were dismissed by judgments and the costs of such previous actions paid to the defendant's attorneys. These averments are not satisfactorily met in the opposing affidavit, which states that although two prior actions were discontinued, " there remains pending this action." Of course this action is not a prior action, and no defense is apparent from the defendant's statements in that regard.

I am inclined to think that under the rule laid down in *Dwan* v.

*Massarene, supra,* the court below was warranted in finding that there was no issue to be tried in this case, and that summary judgment was properly awarded.

Judgment affirmed, with ten dollars costs.

COHALAN and WAGNER, JJ., concur.

Judgment affirmed.