The Ritz Carlton Restaurant and Hotel Company, Respondent, *v.* John R. Ditmars, Jr., Appellant.

First Department, December 22, 1922.

Judgments — motion by plaintiff for summary judgment in action in Municipal Court of City of New York on promissory note — Rules of Civil Practice, rule 113, applicable in Municipal Court of City of New York — summary judgment will be granted only where no real issue is raised — purpose of Rules of Civil Practice, rules 113, 114 — answer containing denial and defense that note was given under duress and that defendant was not indebted to plaintiff at time note was given raises issues — summary judgment should not have been granted — abatement and revival — defense of another action pending sufficiently alleged.

Rule 113 of the Rules of Civil Practice, relating to summary judgment, is applicable in the Municipal Court of the City of New York.

A summary judgment will be granted under rule 113 only where it satisfactorily appears that there is no real issue to be determined between the parties.

Practice authorized by rules 113 and 114 of the Rules of Civil Practice took the place of the old motion to strike out an answer as sham, where it appeared that no substantial issue was raised thereby, and the rules were adopted for the purpose of doing away with delays in the enforcement of just legal claims where there was in effect no defense thereto.

A summary judgment should not have been granted in favor of the plaintiff in this action on a promissory note, since issues were raised by the answer which contained denials and a defense that the note was given by the defendant to the plaintiff under duress and that at the time the note was given the defend-

ant was not indebted to the plaintiff in any amount but that any indebtedness due to the plaintiff was due from defendant's employer under an agreement between them.

The defense of another action pending was sufficiently pleaded and if proven would constitute a good defense in this action.

APPEAL by the defendant, John R. Ditmars, Jr., from a determination of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 11th day of April, 1922, affirming a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Ninth District, in favor of the plaintiff.

*Cullom & Rinke* [*Neil P. Cullom* of counsel; *Hobart S. Weaver* with him on the brief], for the appellant.

*Rhinelander, Durkin & Perkins* [*Hugh M. Hewson* of counsel], for the respondent.

MERRELL, J.:

The action is to recover a balance due upon a promissory note for $1,898.61, alleged in the complaint to have been made and delivered by the defendant to the plaintiff on or about December 21, 1920. A copy of the alleged promissory note is set forth in the complaint. Alleging that no part of said note had been paid, except the sum of $877.04, and that there is due to the plaintiff on said note from the defendant the sum of $1,021.57, with interest from January 15, 1921, plaintiff demanded judgment in its said complaint for $1,000, besides interest and the costs of the action. The complaint was unverified.

The defendant served an unverified answer containing, first, a general denial of the material allegations of the complaint, except that the defendant admitted that a paper, substantially in conformity with the alleged promissory note set forth in the complaint was executed under certain circumstances and conditions alleged and set forth in the second separate and complete defense contained in said answer. The defendant also specifically denied in his said answer that he was indebted to the plaintiff in the sum of $1,021.57, or in any sum whatsoever.

For a second separate and complete defense the defendant alleged that the plaintiff was a domestic corporation, and that prior to December 21, 1920, the defendant had been for a period of months residing at the plaintiff's hotel under an agreement between plaintiff and defendant that defendant should receive such accommodations as he might desire from the plaintiff, as the agent and representative of the United States Mail Steamship Company, and under an agreement by said company to pay to

plaintiff its reasonable charges for any such accommodations received by the defendant; that such arrangement was fully understood by the plaintiff at all times, and plaintiff looked to said steamship company for payment for any accommodations received by defendant. The defendant further alleged in his said second defense that on or about December 21, 1920, he was about to depart from plaintiff's hotel when he was advised by the management thereof that he could not remove his baggage and personal belongings until he paid to plaintiff the sum of approximately $1,898.61; that the plaintiff was then and there informed by defendant that no sum of money was due from defendant to the plaintiff, but that any indebtedness to the plaintiff was due from the United States Mail Steamship Company, and not from the defendant; that, notwithstanding said facts, the plaintiff wrongfully and unlawfully refused to permit defendant to remove his personal belongings from plaintiff's hotel, and demanded and obtained from the defendant a paper in substantial conformity to that set forth in the complaint, upon which plaintiff is seeking to recover of the defendant. The defendant further alleged in his said answer that at the time of the execution of said paper there was no indebtedness whatsoever due from the defendant to the plaintiff, and that said paper was obtained by plaintiff from defendant through force and duress, and that there was no consideration whatsoever therefor.

For a third separate and complete defense, defendant further alleged that theretofore and on various and sundry occasions in the year 1921, three previous actions had been commenced by the plaintiff against the defendant to recover the same sum of money for which the present action was brought; that said actions theretofore commenced by plaintiff were all then pending and undetermined in this court.

Upon such defenses the defendant demanded judgment against the plaintiff dismissing the complaint, with costs. Thereupon the plaintiff, on the pleadings and on the affidavit of Henry A. Rost, assistant manager of the plaintiff at its hotel in New York city, moved the Municipal Court under rule 113 of the Rules of Civil Practice for an order striking out the said answer herein, and that judgment be entered herein in favor of the plaintiff for the amount demanded in the complaint.

In the affidavit of said Rost in support of said motion the affiant states that he was then, and during the years 1920 and 1921 had been, assistant manager of the plaintiff at its hotel in New York city, and that the affiant had personal knowledge of the facts narrated in the complaint, and also of the circumstances under which the defendant took up his residence at plaintiff's

hotel in or about the month of June, 1920, of his stay there in 1920, and of the circumstances of defendant's removal from the hotel on or about December 21, 1920. The plaintiff's assistant manager in his said affidavit denied that any agreement, either written or oral, was ever made between the plaintiff and the defendant, at any time, that defendant should receive from plaintiff any accommodations as the agent or representative of the United States Mail Steamship Company, and that no agreement, either written or oral, was ever made by said United States Mail Steamship Company to pay the plaintiff its charges for any accommodations received by defendant; or that plaintiff ever looked to said steamship company for payment of any accommodations received by defendant. The affiant further states that until the commencement of the present action defendant never denied liability on the note on which the action was brought, but, on the contrary, that the defendant told the affiant on or about November 4, 1921, that he would pay the said note. Plaintiff's assistant manager, in his said affidavit, further stated that on the occasion of giving said note the defendant voluntarily paid the sum of $213.40 on account, and that the note was given for the balance of said account. The affiant denied that anything was said concerning the removal of defendant's baggage or personal belongings, and denied that the defendant was notified by the management of the hotel that he could not remove his baggage until he paid the plaintiff the sum of approximately $1,898.61, or any sum whatsoever, and denied that the affiant refused to permit defendant to remove his personal belongings from said hotel. Plaintiff's assistant manager stated in his said affidavit that the only conversation had with him was his saying to defendant that plaintiff could not extend further accommodations to him in view of his owing such a large indebtedness, and would require the room which he had been occupying, followed by defendant's giving the affiant his check for $213.40 and the said note. In said supporting affidavit the affiant further states that the defendant's bills for his accommodations at plaintiff's hotel were paid by defendant's own checks and the checks of others, including checks of the France and Canada Steamship Corporation. The affiant further expressly denied that defendant told him that no sum of money was due to the plaintiff from the defendant.

As to the third and last defense set forth in defendant's said answer, plaintiff's assistant manager in his affidavit stated that judgment had been entered dismissing all actions between the plaintiff and the defendant, except the present action, and that the costs of all previous actions had been paid to the defendant's

attorneys. Finally, plaintiff's assistant manager, in his said affidavit, verified the cause of action set forth in the complaint, averring that the amount claimed was $1,000, with interest thereon from the 15th day of January, 1921, together with the costs of the action, and that the affiant verily believed that there was no defense to the action.

The defendant, in opposition to said application, served an answering affidavit, wherein the said defendant stated that early in the summer of 1920 defendant was in the employ of the United States Mail Steamship Company, and that from about June, 1920, and throughout all the times mentioned in the complaint and answer and affidavit of said Rost, defendant was employed by the United States Mail Steamship Company in the capacity of assistant to the president. The defendant further stated in his said affidavit that the United States Mail Steamship Company was almost precisely the same company as France and Canada Steamship Corporation; that the directors were the same and the executive officers the same, and, on information and belief, that the France and Canada Steamship Corporation owned practically all the stock of the United States Mail Steamship Company, and that both of said concerns were in bankruptcy. In his said affidavit the defendant referred to and recited all the allegations in the answer herein as though the same were therein set forth in full, and further verified the said answer, stating that the same was true to his own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters he believed it to be true. The defendant in his said affidavit further stated that in or about May or early June, 1920, when the defendant was in the employ of the France and Canada Steamship Corporation, he was introduced to the plaintiff by Mr. J. R. Mayer, vice-president of the France and Canada Steamship Corporation; that the purpose of the introduction was to enable defendant to "obtain accommodation at plaintiff's hotel as agent for United States Mail Steamship Company and/or France and Canada Steamship Corporation, and under an arrangement whereby said United States Mail Steamship Company and/or France and Canada Steamship Corporation would stand liable to pay all charges for such accommodation" and defendant would have no personal liability therefor; that said Mayer personally took the defendant to the desk at plaintiff's hotel and explained the situation to plaintiff's clerk in charge thereof, and that the latter assented to this arrangement. The defendant in his said affidavit further stated that he had consistently and at all times made it clear to plaintiff that the defendant was not responsible

for any of the hotel bills sued for; that each and every payment received upon the amount or account had been received from either United States Mail Steamship Company or France and Canada Steamship Corporation; that the $877.04, of which plaintiff admitted payment on account of the note sued on, was paid to plaintiff by either United States Mail Steamship Company or France and Canada Steamship Corporation; that the only sum which the defendant personally paid to plaintiff on this account was the sum of $213.40; and that said sum was paid and the note sued on given by deponent to plaintiff under duress and under the circumstances set forth in defendant's answer herein. The defendant then proceeds to particularize the circumstances under which the said note was given and said moneys paid. The defendant states in his said affidavit that on or about December 21, 1920, defendant was preparing to leave plaintiff's hotel, and on or about that day Henry A. Rost, plaintiff's assistant manager, called on defendant at his rooms in said hotel, and told defendant that the France and Canada Steamship Corporation had not paid the bill, and that defendant personally would have to pay it, and that Mr. Keller, plaintiff's manager, had instructed him to hold all defendant's baggage and personal belongings and prevent his removal of them from plaintiff's premises until defendant personally paid the full amount due, alleged to be $1,898.61, and that they would only allow the defendant the clothes he stood in and allow him to take nothing else; that Rost then and there insisted on examining defendant's baggage in his rooms for the purpose of finding out what personal property of defendant's they contained and its estimated value. The defendant further states that he then and there informed them that no sum of money was due from defendant to plaintiff; that on plaintiff's refusal to allow the removal of defendant's personal property, he then and there under protest paid $213.40 and signed and delivered the paper writing on which this suit is brought, solely in order to procure for himself sufficient clothes and personal effects to carry on his daily business.

As to the affidavit of Rost, that judgment had been entered dismissing all actions between the plaintiff and defendant, except the present action, the defendant in his said affidavit characterizes said statement of Rost as incorrect, and avers that between September 19, 1921, and November 21, 1921, plaintiff had commenced four separate actions against defendant in the Municipal Court for the same amount on exactly the same account; that two of these actions were discontinued against plaintiff by order of a justice of the Municipal Court. The defendant in his affidavit

48

First Department, December, 1922.     [Vol. 203

then states: " There remains pending this action started by summons and verified complaint on or about October 21, 1921. On information and belief summons and complaint in this action were duly served and have not been filed by plaintiff in this court. Answer to this action, however, has been filed in this court and this action has never been dismissed or discontinued by either party."

In a supplemental affidavit in opposition to said motion the defendant stated that the action was on a paper writing alleged to be defendant's promissory note for the amount of $1,898.61; that the plaintiff admitted that $877.04 had been paid on this note, and the defendant in his said affidavit further stated that no part of this sum was paid by the defendant, and that said sum of $877.04 was paid plaintiff by the United States Mail Steamship Company, as whose agent and representative defendant was acting in incurring the charges sued on, and that said steamship company was the only party liable for the hotel charges concerning which said note was given; that defendant had never waived his defense of duress to the note sued on, and had never made any payments against it or admitted his liability thereon at any time.

On the pleadings aforesaid and upon the said affidavits of plaintiff's assistant manager and of the defendant, the Municipal Court granted plaintiff's motion and directed judgment in favor of the plaintiff and against the defendant for $1,000.  The defendant appealed to the Appellate Term, and the latter court unanimously affirmed the judgment of the Municipal Court.  An opinion was delivered by the Appellate Term on affirmance of the Municipal Court judgment, holding, *first*, that rule 113 of the Rules of Civil Practice was applicable to the Municipal Court; and, *secondly*, that the Municipal Court was warranted in finding that there was no issue to be tried in the case, and that the plaintiff was entitled to the summary judgment which was granted.  (118 Misc. Rep. 457.)

The Appellate Term was undoubtedly correct in holding that the provisions of rule 113 were applicable to the Municipal Court of the City of New York.  The New York City Municipal Court Code (Laws of 1915, chap. 279, § 1) provides that said court shall be a court of record.  Section 15 of said Code provides as follows:

" § 15.  Conformity to Supreme Court Practice.  Except as otherwise provided in this act or in the rules, the practice, pleadings, forms and procedure in this court shall conform, as nearly as may be, to the practice, pleadings, forms and procedure existing at the time in like causes in the Supreme Court, any statutory limitations, heretofore enacted, to the contrary thereof notwithstanding."

Neither in the Municipal Court Code nor in the Rules of Civil Practice is it " otherwise provided " concerning the granting of summary judgments. The enactment of the Civil Practice Act, which became effective in October, 1921, and the formulation of the Rules of Civil Practice, under due authority prescribed by chapter 902 of the Laws of 1920, as amended by chapter 370 of the Laws of 1921, were the fruit of a well-considered legislative scheme for the reformation of an existing complicated and, in many respects, cumbersome Code and General Rules of Practice, governing civil procedure in our courts, and were the result of the report of the " Joint Legislative Committee on the Simplification of Civil Practice." That it was the legislative intent to make the provisions of the Civil Practice Act and the Rules of Civil Practice formulated by authority of said act of 1920, as amended, applicable to all courts, except as therein prescribed, seems entirely clear to us. We can conceive of no good reason why the beneficient provisions of rule 113, providing for summary judgment in actions for debt or liquidated demand arising on contract or on a judgment for a stated sum, should not apply to the Municipal Court, where, indeed, many of such actions are brought. Surely in this respect litigants should be entitled to the same rights and consideration that would be accorded them were they in the Supreme Court.

Nevertheless, I am of the opinion that the courts below, respectively, were in error in granting the judgment and in the determination aforesaid under the circumstances presented. The provisions of rule 113 of the Rules of Civil Practice may only be invoked where it satisfactorily appears that there is no real issue to be determined between the parties. In the leading case of *Dwan* v. *Massarene* (199 App. Div. 872) this court expressly held that where there was a real issue to be tried between the parties, the court was powerless to determine said issue upon affidavits, and that the parties must be sent to a trial by jury for the settlement of their differences. The practice outlined and authorized by rules 113 and 114 took the place of the old motion to strike out an answer as sham, where it appeared that no substantial issue was raised thereby. Said rules were adopted for the purpose of doing away with delays in the enforcement of just and legal claims where there was, in fact, no defense thereto. But it was stated in *Dwan* v. *Massarene* (*supra*) that " The power is given to the court, but it is needless to say that it must be exercised with care and not extended beyond its just limits. The court is not authorized to try the issue, but is to determine whether there is an issue to be tried. If there is, it must be tried by a jury. Plaintiff's affidavit must state such facts as are necessary to establish a good cause of action. * * *

It must state the amount claimed, and his belief that there is no defense to the action. The defendant must show that he has a *bona fide* defense to the action, one which he may be able to establish. It must be a plausible ground of defense; something fairly arguable and of a substantial character. This he must show by affidavits or other proof. * * * He must show that his denial or his defense is not false and sham, but interposed in good faith and not for delay."

In the clearest language this court thus laid down the test to be applied with reference to the application of rule 113. In the case at bar the answer is substantially a general denial of the material allegations of the complaint, except the bare admission by the defendant that he made a paper writing in substantially the form of the alleged promissory note set forth in plaintiff's complaint, but that he made the same under the circumstances thereinafter in his answer set forth by way of separate defense. In his said answer the defendant then proceeds to allege the circumstances under which the note in suit was given, alleging that said note was without consideration, and was given under duress of property and in order to enable the defendant to obtain his necessary clothing and effects on leaving plaintiff's hotel. The defendant in his answer and in his opposing affidavit denies any indebtedness on his part to the plaintiff, averring that whatever claim the plaintiff may have for accommodations furnished the defendant, and which formed the basis of said note, was the indebtedness not of the defendant but of his principal under an arrangement and understanding between the plaintiff, defendant's principal and himself that the plaintiff should alone look to the United States Mail Steamship Company for its pay, and not to the defendant. It seems entirely clear that under our decision in *Dwan* v. *Massarene* (*supra*) defendant's answer raised a real issue which could only be determined by a trial by jury. The answer also set forth the pendency of other and prior actions brought by the plaintiff against the defendant for the same moneys and the same relief demanded in the present action. While it is stated in the moving affidavit with reference to said prior actions pending, that said actions had all been discontinued and judgment entered therein dismissing all actions between the plaintiff and the defendant, except the present action, and that the costs of all previous actions had been paid to the defendant's attorneys, in the answering affidavit of the defendant it is stated that four separate actions against the defendant were commenced in the Municipal Court for the same amount on exactly the same account as sued for herein; that two of said actions were discontinued against the plaintiff by order of a justice of the

Municipal Court, but that there remained pending still another action referred to as " this action." In the opinion of the Appellate Term I think the learned justice writing the same clearly misapprehended the force of such averment in defendant's affidavit, and erroneously assumed that the term " this action " therein used related to the action at bar. Such clearly was not the intent of the defendant in his said affidavit, because he therein states: " There remains pending this action started by summons and verified complaint on or about October 21, 1921."

In the action at bar the summons was dated November 7, 1921, and the complaint was *unverified.* Manifestly, the statement in defendant's affidavit related to still another action than the present action, which defendant avers was still pending. The pendency of such a prior action would be a good defense to plaintiff's recovery herein.

I am, therefore, of the opinion that the pleadings and affidavits disclosed real issues between the parties, which could not be determined upon an application under rule 113 of the Rules of Civil Practice, and that, therefore, the determination of the Appellate Term and the judgment and order of the Municipal Court should be reversed, with costs in this court and in the Appellate Term, and plaintiff's motion denied, with ten dollars costs.

CLARKE, P. J., DOWLING, GREENBAUM and FINCH, JJ., concur.

Determination appealed from and judgment and order of the Municipal Court reversed, with costs in this court and in the Appellate Term, and plaintiff's motion denied, with ten dollars costs.