ALLAN DWAN, Appellant, *v.* WILLIAM G. MASSARENE, Respondent.

First Department, February 10, 1922.

**Judgments — motion for summary judgment under Rules of Civil Practice, rule 113, denied — scope and effect of rule and practice thereunder outlined — appeal — this court will not review order of trial judge denying plaintiff's motion under rule.**

Plaintiff's motion for summary judgment under rule 113 of the Rules of Civil Practice will be denied and the parties remitted to a trial, in an action on two promissory notes, where the answer sets up the defense that the delivery of the notes was conditional, and the affidavits of the plaintiff's attorney, who had personal knowledge of the facts, state the amount claimed and his belief that there is no defense to the action, and the defendant submits his affidavit which, if true, would tend to show that the delivery of the notes was conditional upon the sale of certain property and payment out of the avails thereof, and such allegations are denied by the plaintiff and his attorney.

*It seems,* that the power given to the court under rule 113 of the Rules of Civil Practice must be exercised with care and not extended beyond its just limits. The court is not authorized to try the issue but is to determine whether there is an issue to be tried. If there is, it must be tried by a jury. Plaintiff's affidavit must state such facts as are necessary to establish a good cause of action. It will not be sufficient if he verifies only a portion of the cause of action, leaving out essential parts thereof. It must state the amount claimed, and his belief that there is no defense to the action.

The defendant must show by affidavits or other proof that he has a *bona fide* defense to the action, one he may be able to establish. It must be a plausible ground of defense and of a substantial character. He cannot shelter himself behind denials in any form. He must show that his denial or defense is not false or sham, but interposed in good faith and not for delay. If he shall show such facts as may be deemed by the judge hearing the motion sufficient to entitle him to defend, this court will not review the order.

APPEAL by the plaintiff, Allan Dwan, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 16th day of December, 1921, denying plaintiff's motion to strike out the answer and for a summary judgment under rule 113 of the Rules of Civil Practice.

*Arthur Butler Graham* [*John Preston Phillips* of counsel], for the appellant.

*James A. Delehanty* [*Jerome T. Nolan* of counsel], for the respondent.

PAGE, J.:

The action was to recover on two promissory notes, reciting the deposit of collateral security. The answer in effect sets up the defense that the delivery of the notes was conditional. The plaintiff moved for a summary judgment upon these pleadings and affidavits of the attorney for the plaintiff, who had personal knowledge of the facts, verifying the cause of action and stating the amount claimed, and his belief that there is no defense to the action. The defendant, in opposition to the motion, submitted his affidavit giving his version of the transaction between the parties, which, if true, would tend to show that the delivery of the notes was conditional upon the sale of certain property and payment out of the avails thereof. The plaintiff and his attorney deny the facts set forth in the defendant's affidavit. Thus was clearly raised an issue of fact that could not be determined on affidavits, and the parties were correctly remitted to a trial.

As this is the first appeal to come before us which has involved a consideration of rule 113 of the Rules of Civil

Practice, and as we intend by the decision in this case to limit the appeals that may hereafter be taken, we have deemed it best that a somewhat fuller discussion be given of the effect and scope of that rule and the the practice thereunder, than the narrow question presented by this appeal would justify.

Under the common-law practice in this State, the general issue could not be stricken out as a false and sham plea. (*Wood* v. *Sutton*, 12 Wend. 235.) Any defendant had a right to plead the general issue and put the plaintiff to the proof of his demand, whether he had any pretense for doing so or not, but false and sham special pleas could be stricken out, although technically well pleaded in form and substance. (*Broome County Bank* v. *Lewis*, 18 Wend. 565.) In the last case the court said: " The power of this court to strike out false and sham pleas is unquestioned. The propriety of exercising that power is manifest from the consideration, if there were no others, that it is unbecoming the dignity of courts of law; that it is unfit and improper in itself, and unjust to other suitors, that courts should be compelled to examine and decide questions which have no foundation in the facts of the case, but only in the ingenuity or imagination of the attorneys. It would be a reproach upon the administration of justice, if delays could be procured by what may properly be denominated frauds upon the right of pleading." (p. 566.)

The Code of Procedure provided (§ 152): " Sham and irrelevant answers and defenses may be stricken out on motion, and upon such terms as the court may in their discretion impose." In construing this section the Court of Appeals at first applied a rule that was in harmony with the obvious intention of the Legislature, and the reforms in procedure sought to be accomplished by the Code. In *People* v. *McCumber* (18 N. Y. 315, 323, 324, 325) the court said: " It was doubtless the delay, expense and injustice to which this plea of the general issue was so frequently perverted, which contributed as much as any other single cause to the new system of pleading and practice introduced by the Code. Whatever may have been the reason, under the old system, for limiting the exercise of the power to strike out false or sham pleas to those presenting affirmative defences, it has no application, under the new, to defences in denial of the complaint, or of

material portions of it, or denying any knowledge or information thereof sufficient to form a belief. Such denials simply put in issue the allegations to which they relate; and they may be false or sham and abused for improper purposes, as well as a defence of any other character. One leading policy of the new system is, to suppress falsehood and secure truth in the pleadings; and for that purpose, among others, all the forms of pleadings theretofore existing are abolished and other simple forms prescribed. For the same purpose provision is made whereby a plaintiff, by verifying his complaint by affidavit, may require a similar verification of the answer by the defendant. Allegations not controverted are to be taken as true, and an ample remedy is afforded for a departure from the truth in an answer, by providing that 'sham and irrelevant answers and defences may be stricken out on motion, and upon such terms as the court may in their discretion impose.' A limitation of this section by the courts to affirmative answers and defences would, to a great extent, frustrate the policy referred to, and allow of great abuses in pleading, and improper and injurious delays of justice. * * * Another objection to the order in respect to the first defence is, that the defendant was entitled to have the material issues formed by the defence, tried by a jury, and that it could not lawfully be tried against his consent on *ex parte* affidavits. This objection, if available in this case, might equally be made to orders striking out affirmative defences forming material issues, and would be fatal to the section above mentioned of the Code, and the entire practice as to striking out false or sham answers. The true answer to the objection is, that the right of the defendant to a trial by jury depended upon there being a real issue to be tried; that the court had power to determine whether there was such an issue, or whether the apparent issue was fictitious and sham, not to try the issue if there was not one in truth as well as in form; and that the order decides, on most satisfactory proof supporting it, that the defence was destitute of truth and substance, and presented no real issue. Such an authority over the pleadings is of the same nature with the power to require a verification of the pleadings as a condition of their admissibility. If the court may refuse to allow an answer, unless first verified, it may

strike out an answer after it has been made, unless the defendant will verify it. So it may, on apparent proof of the falsity of a verified answer, strike it out, unless further verified in a more special and particular manner. The exercise of this power, in either case, is not a trial of an issue; nor more so in one case than in the other. It is an indispensable power to the protection and maintenance of the character of the court, and the proper administration of justice."

If this construction of section 152 of the Code of Procedure (which was substantially re-enacted as section 538 of the Code of Civil Procedure) had been adhered to by the Court of Appeals, the adoption of rule 113 of the Rules of Civil Practice would have been unnecessary. Unfortunately, thirteen years later, the Court of Appeals overruled *People* v. *McCumber* (*supra*) and declared that it was not the intention of the Legislature in enacting section 152 " to confer any new power upon the court, but to give legislative sanction to that exercised under the existing law," and held that answers containing denials could not be stricken out as sham, but that the defendant had a constitutional right to have such issues tried by a jury. (*Wayland* v. *Tysen*, 45 N. Y. 281, 285.) Under the common law a plea of the general issue was a denial of the crucial fact in the cause of action set forth in the declaration, while the general denial under the code procedure, which was held to have superseded the plea of the general issue, might be a general denial of each material allegation of the complaint, or of any knowledge or information thereof sufficient to form a belief, and the latter form of denial was also held to be immune from attack as false and sham. (*Neuberger* v. *Webb*, 24 Hun, 347.) Thus was the field for " abuse of the right of pleading " enlarged and the scope of the unscrupulous extended. A prosecution for perjury, which was supposed to be the panacea for the evil, was rendered more difficult. This form of general denial was usually resorted to by those who sought to delay the enforcing of a just cause of action. The ruling of the Court of Appeals was not limited to general denials, but was applicable also to specific denials as well. Although the reason given in support of the court's decision was that, to determine the issue made by denials, on motion based on affidavits, would deprive the defendant of his constitutional

right to a trial by jury, the court extended the protection to denials in answers in equity suits. (*Thompson* v. *Erie R. Co.*, 45 N. Y. 468; *Farmers' National Bank* v. *Leland*, 50 id. 673.) If the denial was demonstrably false on its face, as where the defendant denied any knowledge or information sufficient to form a belief of facts of personal transactions, alleged to have been had with him, and hence presumptively within his knowledge, the denial might not be stricken out as false and sham, but judgment could be given on the ground that the answer was frivolous (*Rochkind* v. *Perlman*, 123 App. Div. 808.) Later, however, in *Harley* v. *Plant* (210 N. Y. 405) the court held that a motion to strike out as sham was the proper motion, where the answer consisted of a denial of any knowledge or information sufficient to form a belief of allegations of fact presumptively within his knowledge. This was the condition of the practice in this State when the convention to consider and adopt rules of civil practice met. It was recognized that, to allow a denial, or a denial of any knowledge or information, although false in fact, to create a triable issue, where in truth no such issue existed, was a grave abuse, delaying the enforcement of a just and legal demand.

That an issue raised by a false affirmative defense could be tested by a motion to strike out as sham, and an issue raised by a false denial could not; and a denial of knowledge or information sufficient to form a belief, which was presumptively false, would authorize the granting of a judgment against the defendant, and the same form of a denial that was actually false, was immune from attack, were distinctions that seem to lack substance, and to be contrary to the intent and purpose of Code pleading, which was to do away with the technical and artificial issues of the common-law system, and substitute a system of pleading based upon a statement of the facts of the cause of action, and truthful denials thereof or defenses thereto. A fictitious denial, the effect of which was merely intended to force the plaintiff to prove his cause before a jury has no place in the Code system of pleading. It was a relic of the artificial common-law pleading, which had persisted because of the resistance of the courts to the expressed will of the Legislature.

With the intention of doing away with this technicality

and fruitful source of delay and expense to the enforcement of a just and legal claim to which there was no defense in fact, the convention adopted rules 113 and 114.

In England a rule of similar effect has been adopted (Order XIV, rule I, rules of Supreme Court of 1883; also under Judicature Act of 1875) and enforced by the courts. In *Anglo-Italian Bank* v. *Wells* (38 L. T. Rep. 197, 199) the court said: " Now the order on which this decision is made is a most useful order. It is intended to prevent a man, clearly entitled to money, from being delayed where there is no fairly arguable defense to be brought forward." The lord chancellor, writing for the House of Lords in *Jacobs* v. *Booth's Distillery Co.* (85 L. T. Rep. 262) said: " There are some things too plain for argument; and where there were pleas put in simply for the purpose of delay which only added to the expense, and where it was not in the aid of justice that such things should continue, Order XIV was intended to put an end to that state of things and to prevent sham defenses from defeating the rights of parties by delay, and at the same time causing great loss to plaintiffs who were endeavoring to enforce their rights."

Rules 113 and 114 are substantially the same as sections 57 to 59, Schedule A, of the New Jersey Practice Act, 1912, adopted as Supreme Court Rules 80–82, and the following cases deal with the construction and operation of those rules: *Bolton* v. *Bolton* (86 N. J. L. 69); *Eisele & King* v. *Raphael* (90 id. 219); *Lembeck & Betz Brewing Co.* v. *Kraus* (94 id. 219). In *Eisele & King* v. *Raphael* (*supra*) the court held that the " striking out of a sham or frivolous plea is not an infringement of the right to a trial by jury."

The very satisfactory statement of the reasons for sustaining the constitutionality of these rules, allowing the striking out of false and sham denials, stated by Judge Strong in *People* v. *McCumber* (*supra*), renders unnecessary a restatement of them here. As we have stated, the opinion in *Wayland* v. *Tysen* (*supra*) proceeded upon the theory that at the time of the adoption of the Constitution of the State a plea of the general issue could not have been stricken out as false and sham, but of necessity the issue thus tendered had to be tried by a jury. Even were the statement correct that under the common law of England a motion to strike out

a plea of the general issue was " unheard of," as stated by Chief Justice SAVAGE in *Wood* v. *Sutton (supra)*, nevertheless, in my opinion, that would not throw around such a plea the protection of the Constitution. The Constitution provides (Art. 1, § 2): " The trial by jury in all cases in which it has been heretofore used shall remain inviolate forever." It secures the right to a jury trial of the issues of fact in those cases where it had been theretofore used. This did not deprive the court of the power to determine whether there was an issue of fact to be tried; but if the court determined there was such an issue, it must be tried by a jury. A false denial interposed for the purpose of delay did not create such an issue, any more than a false affirmative defense. In fact, even under the common-law practice in this State, the plaintiff was entitled to take an inquest unless the plea of the general issue was supported by an affidavit of merits. Chief Justice SAVAGE's attention was not called to the case of *Phillips* v. *Bruce* (6 M. & S. 134), in which judgment was granted for want of a plea, on the ground that it was a sham plea, although one of the pleas was to the general issue. (See, also, *Shadwell* v. *Berthoud*, 5 B. & Ald. 750, and cases quoted in notes; *Vincent* v. *Groome*, 1 Chit. 182.) In Massachusetts a statute requiring an affidavit of merits to be filed with an answer in an action on a promissory note was attacked as unconstitutional on the ground that the defendant had the right to compel the plaintiff to produce his proof and have the judgment of the court upon the effect and sufficiency of that proof, and hence the statute deprived the defendant of his right to trial by jury. The opinion asserting the constitutionality of the statute affords illuminating reading for those who argue for the constitutional right of a defendant to delay a just cause by a false denial. (*Hunt* v. *Lucas*, 99 Mass. 404.)

The power is given to the court, but it is needless to say that it must be exercised with care and not extended beyond its just limits. The court is not authorized to try the issue, but is to determine whether there is an issue to be tried. If there is, it must be tried by a jury. Plaintiff's affidavit must state such facts as are necessary to establish a good cause of action. It will not be sufficient if it verifies only a portion of the cause of action, leaving out some essential part thereof.

It must state the amount claimed, and his belief that there is no defense to the action. The defendant must show that he has a *bona fide* defense to the action, one which he may be able to establish. It must be a plausible ground of defense, something fairly arguable and of a substantial character. This he must show by affidavits or other proof. He cannot shelter himself behind general or specific denials, or denials of knowledge or information sufficient to form a belief. He must show that his denial or his defense is not false and sham, but interposed in good faith and not for delay. If he shall show such facts as may be deemed by the judge hearing the motion sufficient to entitle him to defend, this court will not review the order, as we consider that no substantial right of the plaintiff has been violated.

We, therefore, dismiss this appeal without costs.

CLARKE, P. J., DOWLING, SMITH and GREENBAUM, JJ., concur.

Appeal dismissed, without costs.