LEONARD DICKSON, Plaintiff, v. MERCHANTS AND FARMERS' BANK OF ALICEVILLE, ALABAMA, Defendant.

Supreme Court, New York Special Term, May, 1922.

Judgments — negotiable instruments — judgment against foreign bank — service by publication — laches in making application to open default — when proposed answer insufficient to justify granting of motion.

A negotiable certificate of deposit made by the defendant, a bank at Aliceville, in Alabama, was, before maturity, negotiated and delivered by the payee to a bank in Wisconsin for value. This bank presented the certificate for payment to the defendant bank, payment was refused and the paper went to protest. By several assignments for value plaintiff became the owner and holder of the certificate after maturity. Funds of the defendant in the hands of a bank in the city of New York were duly attached, and thereafter, the defendant not having appeared in the action to recover on the certificate, a copy of the summons and of the complaint with an order for publication, the usual statutory requirements having been complied with, together with the attachment papers, were mailed to defendant at Aliceville, Ala. A judgment in plaintiff's favor was taken by default and a copy of the order directing the entry of said judgment was served upon the bank in which were the attached funds of defendant. *Held,* that a motion to open the default and for leave to serve an answer made over six months after the entry of the judgment and over eleven months after the attachment, will be denied, it being doubtful, even if the default were opened, whether defendant will be entitled to any relief under its proposed answer, the separate defense pleaded therein being based upon the claim that the aking of the certificate by plaintiff after maturity was ubject to any informality arising out of an alleged fraudulent transaction of the original payee in securing the certificate with intent to defraud and deceive defendant by pretending to sell certain real property to one of its officers.

A proposed defense that defendant refused payment of the certificate for the reason that there was a bill of complaint filed against it and that payment would be held up pending action by the court, was untenable.

MOTION to open a default.

*Thomas & Friedman (Stanleigh P. Friedman* and *Harold S. Bareford,* of counsel), for plaintiff.

*O'Brien, Boardman, Parker & Fox,* for defendant.

COHALAN, J.  The defendant moves to open the default and to set aside the judgment entered in favor of the plaintiff against defendant on September 14, 1921, and for leave to serve an answer. The plaintiff sets forth a cause of action upon a negotiable certificate

of deposit made by defendant, payable to the order of Daniel Hayes & Co., and delivered before maturity. Subsequently it was negotiated and delivered to the Princeton State Bank before maturity and for value. This bank on maturity presented the certificate for payment to defendant bank. Payment was refused and the certificate was duly protested. Subsequently, through several assignments for value, it came into the hands of the plaintiff. In May, 1921, a writ of attachment was issued in this action to the sheriff of New York county, who attached the funds of the defendant in the hands of the Hanover National Bank. Thereafter, the defendant not having appeared in the action, publication was commenced, and the usual statutory requirements of publication were complied with. A copy of the summons and of the complaint, with the order of publication and affidavits and attachment papers, was mailed to the defendant bank at Aliceville, Ala. Publication was completed; the defendant failed to appear or answer within the time limited, and in September, 1921, the judgment in question was taken by default. A copy of the order directing the entry of the judgment was served upon the Hanover National Bank.

At the time of this motion over six months had elapsed since the entry of the judgment and over eleven months since the attachment. The defendant claims that no copy of the summons or complaint or any papers in the action were ever received by it. The defense is based upon the claim that the payee of the certificate of deposit secured the same with the intent to defraud and deceive the defendant by pretending to sell to defendant's officer certain real property.

The officer of the Hanover National Bank upon whom the attachment was served states that he mailed the attachment papers to the defendant; that he had communicated with the attorneys for the bank in this city, and stated that the reason no appearance was made was that the defendant had no defense to the action.

If there were a reasonable excuse presented and a meritorious defense or a reasonable probability of establishing one set out I would grant the motion. To procure such relief the facts upon which the defendant relies as constituting the defense must be stated in the moving papers. No reasonable excuse is offered for the long delay in seeking to open the default. It seems improbable that the defendant bank was unaware of its funds having been attached in New York city; that the Hanover National Bank did not immediately notify the defendant bank of the attachment served upon it; that defendant did not receive a copy of the papers

upon which the publication order was based. Even after the entry of judgment it certainly should have had some knowledge that moneys it had in the Hanover National Bank were no longer there — at least funds to be drawn upon.

Aside from these points, I am of the opinion that the answer — even in its separate defense — is without merit and would not stand on a motion for summary judgment or under our former demurrer. The defendant under its separate defense claims that the plaintiff taking the certificate after maturity took subject to any infirmity arising out of the alleged fraudulent transaction of the original payee. The instrument in question is a negotiable one not only in Alabama, where the original certificate was drawn, and in Wisconsin, where the first transfer was made, but also in New York, where the suit is brought.

Section 97 of the New York Negotiable Instruments Law (same as section 58 of the Alabama statute and section 167 of the Wisconsin statute) provides that a negotiable instrument in the hands of any holder, other than a holder in due course, is subject to the same defenses as if it were non-negotiable, but the holder " who derives his title through a holder in due course, and who is not himself a party to any fraud or illegality affecting the instrument, has all the rights of such former holder in respect of all parties prior to the latter." The court in *Horan* v. *Mason*, 141 App. Div. 89, says: " The principle of the rule arose from the fact that a holder in due course, having acquired an unconditional property right in the instrument, had, as a part of such property right, power to sell it free from all restrictions even to one who had notice of infirmity in the instrument." There is no claim that the Princeton State Bank was not a holder in due course; that it had not purchased the instrument before maturity in the ordinary course of business for a valuable consideration without notice of any infirmity or any defenses.

At maturity the certificate was presented for payment, and the bank gave as a reason for its refusal that there was a bill of complaint filed against the certificate and that payment would be held up pending action by the court. This defense is untenable. *Bank of Jasper* v. *First Nat. Bank of Rome, Ga.*, 42 Sup. Ct. Rep. 202; U. S. Adv. Ops., 1921–1922, p. 254, April 1, 1922.

The denials in the proposed answer should be treated in the same manner and on the same reasons as similar denials were treated in *Dwan* v. *Massarene*, 199 App. Div. 872.

The contention of the defendant that the certificate of deposit was assigned to the plaintiff in order to attach its New York funds is without merit.

It is very doubtful to my mind, even if the default were opened, that the defendant would be entitled to any relief under its answer. A motion for summary judgment or on the pleadings would, I believe, dispose of the defendant's answer. With that in view, and seeing no reasonable excuse for the defendant's neglect and delay, the motion is denied. Settle order on notice.

Ordered accordingly.