THE STATE BANK, Respondent, *v.* MAX BERGER, Trading as MAX BERGER COMPANY, Appellant.

Supreme Court, Appellate Term, First Department, November, 1922.

Banks and banking — deposit slip reading " in receiving checks for deposit or collection this bank acts only as the depositor's collecting agent "— payment of check stopped — bankruptcy of depositor — motion to strike out answer denied — whether bank was holder in due course question for jury.

Defendant's check payable to the order of L. was deposited by L. to the credit of his account with the plaintiff bank, accompanied by a deposit slip reading " in receiving checks for deposit or collection this bank acts only as the depositor's collecting agent," etc.   L.'s account having immediately been credited with the face value of the check withdrawals of funds to the extent of at least a part of the face value of the check were allowed.   The day after payment of the check was stopped a petition in bankruptcy was filed against L.   In an action on the check the defendant pleaded certain equities in his favor against L.   *Held,* that whether plaintiff was a holder in due course was a question for the jury, and a motion under rule 113 of the Rules of Civil Practice to strike out the answer should have been denied.

*Merchants National Bank* v. *Santa Maria Sugar Co.,* 162 App. Div. 248, distinguished.

An order striking out the answer and the judgment entered thereon reversed and the motion to strike out denied.

APPEAL by defendant from a judgment of the City Court of the city of New York, entered upon an order striking out defendant's answer under rule 113 of the Rules of Civil Practice, and from the order granting said motion.

*Samuel J. Rawak,* for appellant.

*Max Silverstein,* for respondent.

BIJUR, J.   Defendant drew his check for $2,000 to the order of one Leveton, who was a depositor with the plaintiff.   Leveton deposited the check on July 19, 1922, to the credit of his account with the plaintiff accompanied by a deposit slip reading " in receiving checks for deposit or collection this bank acts only as the depositor's collecting agent," etc.   Plaintiff, immediately upon the deposit, credited Leveton with the full amount of the face value of the check, namely, $2,000.   Leveton shortly thereafter was allowed to withdraw funds from the plaintiff to the extent of at least a part of the face value of the check.   Although the check had twice been unsuccessfully presented for payment, payment was not stopped by the defendant, its maker, until July 24, 1922.   The following day a petition in bankruptcy was filed against Leveton.   In answer

Appellate Term, First Department, November, 1922.          [Vol. 119

to the present suit upon the check the defendant has interposed certain equities in his favor as against Leveton. The point to be decided, therefore, is whether the question as to plaintiff's being a holder in due course is upon this record one that may properly be determined in this summary manner upon affidavits as if no issue of fact were presented by the pleadings. *Dwan* v. *Massarene,* 199 App. Div. 872.

The briefs discuss at great length the question whether and to what extent the plaintiff may be regarded as having parted with value for the check. They omit, however, discussion of the primary question whether the plaintiff ever acquired ownership of the paper. On the face of the record it is undeniable and undenied that the plaintiff received this check only for collection. As was said by Vann, J., in *National Park Bank* v. *Seaboard Bank,* 114 N. Y. 28, " Title [namely, to negotiable paper deposited] passes only by a contract to that effect, to be either expressly proved or inferred from an unequivocal course of dealing." In the instant case title, other than that sufficient for collection, was expressly reserved in the depositor, the bank being and remaining only the latter's collection agent. While it may be open to question when and under what circumstances deposits made *without reservation* become the property of the depository bank (*Citizens' State Bank* v. *Cowles,* 180 N. Y. 346, 349; *Cragie* v. *Hadley,* 99 id. 131; *Metropolitan National Bank* v. *Loyd,* 90 id. 530; *Dickerson* v. *Wason,* 47 id. 439; *King* v. *Bowling Green Trust Co.,* 145 App. Div. 398; *Bank of America* v. *Waydell,* 103 id. 25; affd., 187 N. Y. 115), no case is cited in which it has been held that where the bank has been constituted the mere collection agent, that contract between them may be changed except by express agreement or by unequivocal acts from which the corresponding inference may be drawn. The mere privilege accorded by the bank to the depositor to withdraw the whole or part of the amount of the check in advance of its collection seems to me to be a fact which may have a bearing on that question but certainly is not conclusive thereon.

The case of *Merchants National Bank* v. *Santa Maria Sugar Co.,* 162 App. Div. 248, upon which considerable stress is laid in the briefs, appears to me to be entirely without relation to the instant controversy, since it there appears that the note deposited with the bank had been indorsed *without recourse;* in other words, had been actually sold to the depositary bank. The only question, as I read that case, which was there considered was whether and to what extent the bank had given value for this purchase.

In the instant case it seems to me clear that the most that may properly be claimed by plaintiff is that an issue will upon a trial

be presented for the determination of the jury.  *Citizens' National Bank* v. *Cowles, supra,* 348.

Judgment and order reversed, with costs, and motion denied, with ten dollars costs.

GUY and DELEHANTY, JJ., concur.

Judgment reversed.