MORRIS A. FRIEDMAN and Another, Copartners Engaged in Business under the Firm Name and Style of THE FRIEDMAN Co., Respondents, *v.* HERMAN KAMENER, Doing Business under the Firm Name and Style of THE KAMENER KNITTING Co., Appellant.

First Department, December 22, 1922.

Judgments — summary judgment — action to recover balance of purchase price of machinery which was not delivered — summary judgment should not be granted plaintiffs where answer, supported by affidavits, alleges demand for delivery, offer to pay, and that plaintiffs had sold machinery before date for delivery.

Summary judgment should not be granted the plaintiffs in an action to recover the balance of the purchase price of certain machines which under the contract were to be delivered when the balance was paid, where the answer, supported by affidavits, alleges that the defendant demanded delivery of the machines and offered to pay the purchase price at the agreed time but that the plaintiffs refused to deliver the machines, and in fact had sold the machines to third persons prior to the agreed time for delivery.

APPEAL by the defendant, Herman Kamener, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 7th day of June, 1922, striking out his answer and directing judgment in favor of the plaintiffs; also from the judgment entered in said clerk's office on the same day, pursuant to said order, and also from an order likewise entered denying defendant's motion for a reargument of the motion upon which the first-mentioned order was made.

*Miller & Stein* [*Isaac Miller* of counsel], for the appellant.

*Harold M. Goldblatt* of counsel, for the respondents.

FINCH, J.:

The complaint alleges the sale of certain machines to the defendant at the agreed price of $3,500, of which amount the defendant paid $500 and agreed to pay the balance on or before September 13, 1922, at which time the machines were to be delivered at plaintiffs' place of business, but that, although plaintiffs were ready to deliver the machines, defendant refused to accept said machines when the time for delivery arrived, or to pay the balance of the purchase price, for which amount, and storage charges, the action is brought. The answer denied that plaintiffs were ready and willing to deliver the machines, and, by way of defense and as a counterclaim, alleged that plaintiffs had sold the machines to another purchaser and demanded the return of the $500 paid by defendant.

From the affidavits submitted, it appears that there is an issue of fact as to which party to the action was the defaulting party. The defendant alleges that he demanded the delivery of the machines and offered to pay the purchase price, but that the plaintiffs refused, as the machines had been sold to a third person. When such an issue is raised by the facts set forth in the affidavits, the court cannot say that the defense is a sham. (*Dwan* v. *Massarene*, 199 App. Div. 872.)

It follows that the judgment and order appealed from should be reversed, with costs, and the motion denied, with ten dollars costs, and the appeal from the order denying reargument dismissed.

CLARKE, P. J., DOWLING, MERRELL and GREENBAUM, JJ., concur.

Judgment and order reversed, with costs, and motion denied, with ten dollars costs, and appeal from order denying reargument dismissed.