Poland Export Corporation, Appellant, *v.* Bernard K. Marcus, Sued as Bernard B. Marcus, Respondent.

First Department, January 26, 1923.

Judgments — summary judgment — action by corporation to recover money paid for its own stock — Rules of Civil Practice, rule 113, does not apply — order denying summary judgment on ground that defendant had shown facts sufficient to entitle him to defend will not be reviewed.

Summary judgment under rule 113 of the Rules of Civil Practice cannot be granted to the plaintiff in an action by a corporation to recover the amount paid by it to the defendant for the purchase of shares of its own stock which was instituted on the ground that the payment therefor was not made out of surplus profits but was made from the capital of the company and that the capital was impaired and diminished by the amount of the payment, for the action is not one to recover a debt or liquidated demand arising on a contract express or implied, sealed or not sealed, to which said rule applies.

*It seems,* that the Appellate Division will not review an order denying summary judgment to the plaintiff which is made on the ground that the defendant had shown facts sufficient to entitle him to defend the action.

Appeal by the plaintiff, Poland Export Corporation, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 1st day of February, 1922, denying its motion for summary judgment.

*Ewing, Alley & Voorhees* [*Caruthers Ewing* of counsel; *Tracy S. Voorhees* with him on the brief], for the appellant.

*Jacobson & Pollock* [*H. Louis Jacobson* of counsel], for the respondent.

Page, J.:

The plaintiff moved for a summary judgment. (Rules of Civil Practice, rule 113.) The learned justice at Special Term denied the motion on the ground that " there is a real issue between the parties, and that issue has been formulated by the answer." If the sole question in this case was whether the justice at Special Term had correctly determined that there was a triable issue, we would dismiss the appeal. (*Dwan* v. *Massarene,* 199 App. Div. 872, 880.)

There is, however, a more serious objection to this motion, which was not urged before us and presumably not called to the attention of the justice at Special Term; that rule 113 does not apply to an action of this character.

The action is to recover $5,000 paid by the plaintiff to the

defendant for the purchase of fifty shares of its own preferred stock, on the ground that the payment therefor was not made out of surplus profits, but was made from the capital of the company and that the capital was impaired and diminished by the amount of said payment.

In the statement of the alleged cause of action there is no element of a contract express or implied upon which the plaintiff seeks to recover. The action apparently is alleged to arise out of the plaintiff's own wrong, in which it is not alleged that the defendant participated or had knowledge. It is not to recover money back on the rescission of the sale because there is no allegation of a tender back of the stock received and a demand for the return of the money. It is alleged that " by reason of said payment defendant had and received from the plaintiff said sum of five thousand ($5,000) dollars, which sum he promised to pay plaintiff, but has failed to do so, although payment thereof has been heretofore duly demanded." The theory, therefore, would seem to be that by reason of some equitable duty the defendant should pay to the plaintiff $5,000. A promise without consideration does not give rise to a legal contract.

Whatever cause of action, if any, is alleged in the complaint it is clearly not " to recover a debt or liquidated demand arising * * * on a contract, express or implied, sealed or not sealed," to which rule 113 applies. The cases to which rule 113 is applicable are express contracts for the payment of money, or where the agreement to pay arises out of a contract relation, as on a *quantum meruit* or *quantum valebat*, and not those where a promise to pay is implied from the violation of a duty, by reason of which in equity and good conscience the money should not be withheld. Where the action is predicated upon a tortious act, although a common-law action would lie in assumpsit for money had and received upon a promise, implied by law, to pay over, the action is not, strictly speaking, on an implied contract, which is within the purview of rule 113.

The causes which are embraced within rule 113, in this jurisdiction, are entitled to a preference, and are placed at the head of the day calendar for trial. (Supreme Court Trial Term Rules N. Y. Co. rule VI; Supreme Court Trial Term Rules Bronx Co. rule IV.) It was with these Trial Term Rules in mind that what now appears to have been a cryptic utterance was stated by the writer of this opinion, in *Dwan* v. *Massarene (supra)*. The concluding sentence of the opinion in that case was: " If he [the defendant] shall show such facts as may be deemed by the judge hearing the motion sufficient to entitle him to defend, this court

will not review the order, as we consider that no substantial right of the plaintiff has been violated." Mr. Harold R. Medina in his able lectures on the Civil Practice Act, now, fortunately, published in book form, interpreted this sentence to mean that this court would not review the discretion of the judge at Special Term in determining whether or not the defendant in opposing the motion for summary judgment had shown facts sufficient to entitle him to defend, and expressed surprise that this court, which has so freely exercised its right to review such discretionary orders on motions for bills of particulars, change of venue, to set aside service of summons and so on, should refuse to review this particular exercise of discretion. (Medina on Pleading and Practice under the New Civil Practice Act, p. 84.)

In the sentence quoted from *Dwan* v. *Massarene* (*supra*) we limited our refusal to review to orders denying the motion, on the ground that the defendant had shown facts sufficient to entitle him to defend. If the motion should be granted, a judgment against the defendant would result; therefore, a very substantial right of the defendant would be affected, and he would have an absolute right to appeal. If the motion should be denied on grounds other than that specified in the opinion in *Dwan* v. *Massarene* (*supra*), we would review the order. But where the court denies the motion on the ground that a triable issue has been joined, the plaintiff can move for a preference (Trial Term Rules, *supra*) and secure a trial in less time than he could prosecute an appeal from the order and obtain a decision by this court.

The purpose of rule 113 is to enable a plaintiff, in a case where there is no real defense, to secure speedy relief, that a just cause may not be delayed. If, however, the plaintiff delays, by an appeal, a trial of the issue which he could have had and a final determination, the object sought to be secured by the rule is frustrated. It was for this reason that we gave notice that we would not review such orders, to the end that the plaintiff should avail himself of the more speedy remedy. If, as a matter of fact, there is no *bona fide* defense, he will secure his judgment. If there is a triable issue, an affirmance of the order should leave him no further advanced toward his judgment, and he would have suffered the delay of the appeal. Therefore, we felt that by the denial of his motion " no substantial right of the plaintiff has been violated."

The order should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., DOWLING, SMITH and MERRELL, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.