George F. Hinrichs, Inc., Plaintiff, *v.* The City of New York and Edwin J. O'Malley, as Commissioner of Public Markets of the City of New York, Defendants.

*Supreme Court, New York Special Term, October, 1923.*

Farms and Markets Law — power of fixing fees and rentals for market stalls in city of New York now vested in department of public markets — mere raising of a fee or rental not making of rule under Farms and Markets Law, section 270 — judgments — plaintiff's motion for judgment on pleadings and summary judgment under Rules of Civil Practice, rule 113, denied as answer put in issue all allegations of complaint — defendant's motion to dismiss the complaint granted.

The power of fixing fees and rentals for the occupancy of stalls in the public markets of the city of New York which prior to the creation of the department of public markets was vested in other officials of the city, was without change transferred from the statute in effect in 1919 (Laws of 1917, chap. 802) to and vested in said department by section 263 of the Farms and Markets Law (Laws of 1922, chap. 48).

While section 269 of said Farms and Markets Law provides that the commissioner of public markets may make, amend or repeal rules, respecting, among other things, fees, which rules by section 270 of said statute do not become effective until approved by the board of estimate and apportionment, the mere raising of a fee or rental is not the making of a rule under the statute.

A complaint against the city of New York and its commissioner of public markets alleged that prior to July 1, 1919, plaintiff had been paying a certain sum per week as a fee for a permit to occupy a stall in Washington Market; that about that time the then commissioner of public markets doubled such fee; that thereafter by reason of such increase in rental plaintiff paid $1,390 under protest and under threat of revocation of its license; that the commissioner of public markets had no power to make such increase without the approval of the board of estimate and apportionment, wherefore plaintiff was entitled to recover from the defendant the said sum of $1,390, for which judgment was demanded. There was no allegation that any rules with respect to fees were ever promulgated by the commissioner of public markets, that the raising of the rental of the stall of plaintiff violated any such rule or was in contravention of any prior rule or regulation of the department of public markets or of the board of estimate and apportionment, and while it was alleged that the increased rental was unreasonable and higher than that of similar property in the neighborhood it was not alleged that the commissioner acted without warrant in the public interest.

*Held,* that because of the denials in the answer which put in issue all of the allegations as to the commissioner's lack of power and also allegations as to threat and duress, plaintiff's motion for judgment on the pleadings will be denied and a like motion under rule 113 of the Rules of Civil Practice will also be denied on the ground that the form of the action was not within said rule.

Upon a motion by the commissioner of public markets for a dismissal of the complaint upon the ground that it did not allege that any money was ever paid

to him by plaintiff, it appeared by receipts annexed to an affidavit presented in his behalf that the rentals of stalls were paid to the department of finance as expressly provided by section 151(1) of the city charter. The second ground for the motion was that within certain limits stated, but not alleged in the complaint to have been exceeded by said commissioner, he had the right to fix the fees for the occupancy of stands in the public markets without securing the assent of the board of estimate and apportionment to every increase which he deemed proper to make. *Held*, that the motion to dismiss the complaint will be granted.

Motion for judgment on pleadings.

*Miller, Bretzfelder & Ruskay*, for plaintiff.

*George P. Nicholson*, corporation counsel, for defendants.

Proskauer, J. The complaint alleges that plaintiff, a tenant of stalls in Washington Market, had, prior to July 1, 1919, been paying as a fee for a permit to occupy a stall $35.75 a week; that the then commissioner of public markets about that time increased the fee to $70.50 a week; that thereafter plaintiff paid by reason of such increase in rental $1,390 under protest and under threat of revocation of its license; that the commissioner of public markets had no power to make such increase without the approval of the board of estimate, and that for these reasons plaintiff is entitled to recover from the city of New York and the present commissioner of public markets the sum of $1,390. The answer puts in issue all allegations as to the commissioner's lack of power and also all allegations as to threat and duress. Plaintiff moves for judgment on the pleadings and also under rule 113. Defendant O'Malley moves to dismiss the complaint for failure to state a cause of action against him.

In addition to the reasons hereinafter stated, which prompt me to grant defendant O'Malley's motion, plaintiff's motion for judgment on the pleadings must be denied, because the denials of the answer (particularly the denials of threat and duress) raise a square issue (*Harley* v. *Plant*, 210 N. Y. 405); and the motion under rule 113 must be denied because clearly this form of action is not embraced within the provisions of this rule. *Poland Export Corp.* v. *Marcus*, 204 App. Div. 302.

Defendant O'Malley's motion to dismiss the complaint must be granted for the following reasons: *First*, the complaint does not allege that any money was ever paid to the commissioner of public markets. In point of fact the receipts annexed to the affidavit of Hinrichs show that the rentals were paid to the department of finance of the city of New York, and subdivision 1 of section 151 of the charter of the city of New York expressly provides that

such fees must be paid to the finance department. *Second,* the commissioner of public markets has the right, within certain limits hereinafter stated and not alleged herein to have been exceeded, to fix the fees for the occupancy of stands in the public markets without the necessity of securing the assent of the board of estimate and apportionment to every increase which he deems proper to make.

It is stated by counsel that this is a test case, and I have, therefore, examined the statutes with particular care. Section 263 of article 22 of the Farms and Markets Act provides that all the functions, powers and duties respecting the management and control of markets in a city which has established a department of markets, which were theretofore vested in any other departments, bureaus, commissions or offices of the city, shall be transferred to and vested in the department of public markets. (The sections of article 22 of the Farms and Markets Law [Laws of 1922, chap. 48] were transferred, without change, from article 4 of the former Farms and Markets Law [Laws of 1917, chap. 802] in effect in 1919.) The power of fixing fees and rentals for the occupancy of stalls in the markets was, prior to the creation of the department of markets, vested in other officials of the city and was thus by section 263 transferred to the department of markets. Moreover, section 261 provides in subdivision 2 that the department of public markets shall have power " of fixing fees for services, licenses and privileges and of renting space therein and entering into leases therefor, except as herein otherwise provided." Plaintiff contends that the words " except as herein otherwise provided " refer to subdivision 3 of section 261, which provides that the department of markets may make rules for the government of the department of public markets " subject to the approval of the board of estimate of the city," and that, therefore, the commissioner of public markets could not increase a rental or fee without securing the consent of the board of estimate. The mere raising of a fee or rental is not the making of a rule. Section 269 provides that the commissioner of public markets may make, amend or repeal rules, which by the force of section 270 do not become effective until approved by the board of estimate, respecting, among other things, fees. Farms & M. Law, § 269, subd. 2. But there is no allegation that any such rules with respect to fees were ever promulgated, that the raising of the rental of plaintiff violated any such rule or was in contravention to any prior rule or regulation of the department or the board of estimate. It seems to me clear that the phrase " except as herein otherwise provided " as used in subdivision 2 of section 261 is merely a precautionary clause to limit the jurisdiction of the

commissioner by other provisions of the statute not here material and by such rules as might be established with the concurrence of the board of estimate pursuant to the provisions of such act.

Plaintiff cites the case of *Jewell-Koenig* v. *O'Malley,* in which the opinion of Justice Wagner is reported in the New York Law Journal of June 12, 1921, and which was affirmed by the Appellate Division without opinion on May 10, 1923 (206 App. Div. 696). In that case one of the rules established with the concurrence of the board of estimate provided that permits might be revoked or terminated by the commissioner " if in his judgment public interest requires it." The commissioner thereafter arbitrarily and without any facts which would sustain a conclusion that his conduct was in the public interest assumed to revoke a permit and the court enjoined him from so doing. Plaintiff argues that if the commissioner has the power to raise rentals he might arbitrarily raise rentals so much as to make it impossible for a licensee to meet his requirements and thus accomplish by indirection what the court has held he could not do directly. This argument is without importance to the present controversy. I have no doubt that on a showing that a commissioner had raised rentals in this manner so that in effect he was seeking to evade the restriction in rule 4, that permits could be revoked only if the public interest required, a court of equity could intervene to protect the aggrieved licensee. But there is no allegation in this complaint that the commissioner acted without warrant in the public interest. There is an allegation that the increased rental was unreasonable and higher than that of similar property in the neighborhood, but this falls far short of negativing the possibility that many other considerations of public interest might have actuated the commissioner's action. Moreover, it does not at all follow from a concession that plaintiff has a right to injunctive relief in a case where the commissioner is threatening to revoke a permit in bad faith and without warrant in the public interest that plaintiff may remain in possession of its stall and recover the increase of rental from the commissioner of public markets. It may well have been that a smaller but substantial increase would have been entirely reasonable and not in excess of the rentals of similar property.

I cannot attach serious importance to the further contention of plaintiff that the fixing of a market rental is such a governmental function that it cannot be delegated to an administrative official of the city of New York.

These reasons are persuasive against a contention that would burden the board of estimate and apportionment with the necessity

of action whenever the commissioner of public markets might find any increase in any market rental or fee advisable.

No motion is made herein on behalf of defendant the City of New York. The motion to dismiss the complaint as to defendant O'Malley is granted.

Order signed.

Ordered accordingly.