## SHAM DEFENSES.

Superior Court of Cincinnati.

THE BUTTERICK PUBLISHING COMPANY, VS.
MAURICE SMITH AND ANNA SMITH

Decided, February 13, 1924.

*Answer Discloses that no Meritorious Defense Exists—Summary Judgment Entered for Plaintiff.*

1. An answer denying facts known by the defendants to be true, will be struck from the files as a sham defense.

2. Where upon hearing, it appears that the answer sets forth a sham defense and that no true or meritorious defense exists to the cause of action set forth in the petition, summary judgment will be entered for the plaintiff. (*White* v. *Calhoun*, 83 O. S., 401, followed.)

*Clark Wilby* and *Edward H. Brink* and *W. F. Fox*, attorneys for plaintiff.

*Alvin H. Rowe*, attorney for defendant.

MARX, J.

The petition in this case seeks to recover the sum of $617.01 as the value of certain goods sold and delivered under a written contract between the plaintiff and the defendants as partners.

The answer of the defendant Anna Smith, denies "each and every allegation in the plaintiff's petion."

The answer of Maurice Smith also denies "each and every allegation in the plaintiff's petition," and for a second defense sets up an alleged controversy between the plaintiff and the defendants over the payment of $617.01 and an alleged settlement of said controversy for $150.

The plaintiff moves to strike the answer of Maurice Smith from the files on the ground that it is a "frivolous and a sham answer filed in bad faith and for the sole purpose of delay" and also moves the court for a judgment against said defendants as prayed for in the petition.

This practice is clearly authorized by our Supreme Court in *White* v. *Calhoun*, 83 O. S., 401, and is also approved in other states as a proper means of rendering expeditious justice.

(See the article on Summary Judgment under New York Rules in the American Bar Association Journal for January, 1924, page 22, Rule 113 New York Rules of Civil Practice; English Practice Act (Order 3, Rule 6; Order 14, Rule 1); New Jersey Practice Act, (Section 4, paragraph 57.)

The motion of the plaintiff to strike the answer from the files and for summary judgment upon the petition was heard by the Court upon the petition, affidavits in support of the motion, the exhibits and sworn evidence introduced by the plaintiff and defendant, including the testimony of the defendant, Maurice Smith.

Upon a consideration of this evidence, the court is convinced beyond a reasonable doubt that the answer of the defendant is false in every material particular and is a sham defense.

The petition sets forth the claim of the plaintiff in detail. It alleges that a written contract was entered into between Maurice and Anna Smith, partners conducting a dry goods business at Eight and Freeman Avenues, under the name of M. & A. Smith Department Store. It further alleges that this agreement was signed by Maurice Smith and a copy thereof is attached to the petition. The petition then states that certain goods consisting of patterns, advertising matter and a cabinet to contain the same were delivered to the defendants, amounting in all to $617.01, no part of which the defendants have paid.

The general denial of the defendants denies that they were doing business as M. & A. Smith Department Store at Eight and Freeman Avenues; denies making the contract; denies the receipt of the goods; denies the value thereof and denies owing anything.

Each and all of these denials, the defendant Maurice Smith admitted (upon the witness stand under oath upon the hearing of the motion in this case) were false. He admitted that there was a sign over his store at Eight and Freeman Avenues, reading M. & A. Smith Department Store; he admitted that in the tile paving at the entrance to the store were the words "M. & A. Smith"; he admitted his signature to the orignal contract, attached as an exhibit to the affidavit of Robert Kelley and ad-

mitted that that contract was made between the plaintiff and "M. & A. Smith of Eighth and Freeman avenues, Cincinnati, Ohio." He admitted entering into the contract; the receipt of all the goods named in the petition; and further admitted that the value alleged in the petition was correct. He admitted that he had paid nothing to date on account of such goods although obligated by his contract to do so. This testimony, in connection with the numerous exhibits, conclusively proves that the general denial of the two defendants Maurice Smith and Anna Smith is pure sham without the slightest pretense of merit or truth.

However, the defendant Maurice Smith urges that there is merit to his second defense in which he alleges an unexecuted settlement of the claim of the plaintiffs for $150 and pleads that he stands ready and willing to pay this sum in complete settlement and satisfaction of the controversy.

The court has examined this claim with the utmost care having in mind the caution of the Supreme Court in *White* v. *Calhoun,* to exercise the power to strike from the files only:

"Upon such showing upon the part of the plaintiff as leaves no question whatever of the truth and conclusiveness of the plaintiff's evidence."

and that:

"A situation in which there is a conflict of evidence upon any material point, or admitting of a rational doubt as to the proper order to be made, should result in the overruling of the motion."

Fortunately upon this branch of the case, the evidence is clear and mostly in writings concerning which there can be no dispute. The defendant's claim is that the plaintiff sent one of its traveling salesmen in an effort to effect a settlement of defendant's account and that this salesman agreed to accept $150 in full settlement and satisfaction of the plaintiff's claim and that the defendant tendered said sum to the plaintiff but the plaintiff refused to accept the same. The written evidence clearly shows that no such transation took place. On the contary, this evi-

dence shows that after the plaintiff's acount had been over due months and the defendant had refused in response to repeated demands to pay a single cent owing upon such account, the plaintiff sent its traveling representative to the defendant's store in an effort to settle the matter amicably and that this traveling salesman, in accordance with written instructions and under the terms of the written contract, agreed to permit the defendant to return all the merchandise purchased by him at seventy-five per cent of its purchase price on condition that he pay the remaining twenty-five per cent in cash. This proposition, the defendant definitely refused to accept and did not pay that amount or any amount.

The defendant's own letters prove the second defense of his answer false. Apparently, in response to the plaintiff's letter of May 23, 1923, the defendant wrote:

"A man representing the company commenced to use rush methods against us, compelled me to spend fifteen to twenty dollars to collect shipmments of these books and patterns, promised me that I would not have to lose more than 25%. I was satisfied, but he did not keep his word. He commenced to add in the $175 patterns which was not included in his first proposition. He bull-dozed me, used rush methods and then claimed I owed him around $240, which was against his first proposition. I refused this as it was unfair to me. I have not stolen anything. I have the merchandise. I am willing to lose around $100 a fair percentage for being foolish enough to listen to their salesman's talk and promises."

Again in response to a letter of June 20th, from the plaintiff. saying they were advised that the defendant would not accept their salesman's offer, "permitting you to pay us $232.50, which *together* with your pattern stock we agree to accept in full settlement of all claims," the defendant wrote:

"In answer to your June 20 letter, your man, Mr. Pagan gave me to understand that he would allow us 75% on our pattern stock, on stock that was charged to me and not on stock consigned on memo. On that basis, we are satisfied to lose a *certain amount* of money but towards the end he changed his mind and charged me for everthing."

From these and other letters it is clear beyond a doubt that the minds of the parties never met upon the terms of any settlement. The proposition offered by the plaintiff or its salesman was never accepted by the defendant. There was no accord and no satisfaction. Even an unexecuted accord without performance is not a good defense. *Frost* v. *Johnson*, 8 Ohio, 393.

However, in this case, there was merely an argument back and forth concering a settlement. Hence the attempted defense of the answer that there was a complete accord and satisfaction is a subterfuge and a sham and can not be permitted to delay the collection of a just claim·

This court is jealous of the right to a trial by jury and would not deprive any one such trial if there was any issuable fact upon which a meritorious defense could be predicated. However, to quote the language of our Supreme Court in *White* v. *Calhoun*, 83 O. S., at page 405:

"It seems idle in this day, when the efforts of lawyers, some of them at least of the highest class, are being strenuously exerted in the direction of securing a more speedy administration of justice, to talk about a right of a defendant to stand for months and perhaps years upon a sham defense. thus preventing judgment, a defense which will crumble at the first assault upon it when the case is reached. The very statement of the proposition condemns it. It is simply a bold proposition, the effect of which is to obstruct the due adminintration of justice."

A defendant should not be permitted to file false and fictitious pleadings and thereby delay for months the collection of a claim already long overdue· In the language of the Appelate Division of New York in *Duan* v. *Massarene*, 199 App. Div. 872:

"The defendant must show that he has a bona fide defense to the action, one that he may be able to establish. It must be a plausible ground of defense, something fairly arguable and of a substantial character. This he must show by affidavits or other proof. He can not shelter himself behind general or specific denials or denials of knowledge of information sufficient to form a belief. He must show that his

denial of his defense is not false and sham, but interposed in good faith and not for delay.''

Concerning the right of a court to grant a summary judgment, the Court of Appeals of New York in *General Investment Co·* v. *Interborough Rapid Transit Co ,* 235 N. Y. 133, says at page 143:

"if the pleadings and affidavits of the plaintiff disclose that no defense exists to the cause of action, and a defendant, as in the instant case, fails to controvert such evidence and establish by affidavit or proof that it has a real defense and should be permitted to defend, the court may determine that no issue triable by jury exists between the parties and grant a summary judgment.''

Upon a consideration of all of the facts in this case, the court is of the opinion that no defense presenting any true issuable fact is set forth in the answer of the defendant Maurice Smith, which will, therefore, be struck from the files and, since no defense exists to the claim of the plaintiff and none has been suggested or urged by the defendant or his attorney other than the uncompleted settlement previously described, judgment will be rendered for the plaintiff as prayed for in his petition.

No motion appears to have been made with respect to the answer of Anna Smith which is a mere general denial of every statement contained in the petition. From what has been said, it is apparent that the answer of Anna Smith is equally as false as that of her co-defendent. Presumably, this answer is based upon a claim that she was not a partner of her husband. However, the contract was made in the name of M. & A. Smith, and was personally signed by Maurice Smith, the husband and partner of Anna Smith. The name upon the entrance to the store and over the entrance to the store was M· & A. Smith. Anna Smith was present, according to the undisputed evidence when the contract was executed and knew all about its terms. According to her husband, Anna Smith cannot read or write and hence did not sign the contract. All of the goods were shipped and invoiced in the name of M. & A. Smith. In none

of the correspondence or   at any   time   prior to   the institution of this suit was any claim made that Anna Smith was not one of the parties to this transaction.

For these reasons the court concludes that Anna Smith was a partner at least in so far as this contract is concerned and is estopped in this case from denying such partnership. Upon no other ground can the slightest excuse be suggested for the deliberately false answer of Anna Smith· Since this excuse is false, her answer will likewise be struck from the files upon proper motion and judgment entered against her.

The practice of attacking answers which deny known facts is one which commends itself to the court and if more frequently availed of will do much to prevent the denial of true statements and, in cases where there is a bona fide dispute will reduce the issue to the honestly disputed facts instead of requiring the plaintiff to prepare to prove facts which ought, in good conscience, to be admitted.