Charles Margett, J.
The plaintiff, in an action for damages for personal injuries, moves for summary judgment on the issue of liability and thereupon for an assessment of damages.
Plaintiff claims that while his motor vehicle was stopped on the Hutchinson River Parkway near 177th Street, The Bronx, New York, the motor vehicle owned and operated by the defendant collided with the rear of plaintiff’s motor vehicle causing him to sustain the injuries for which he seeks damages.
According to the defendant he was driving his car in the right-hand lane of a two-lane service road of the Hutchinson River Parkway at 8:30 a.m. on Harch 21, 1958, traveling at about 25 to 30 miles an hour. It was snowing and the roadway was covered with snow. There were two automobiles in front of his. When the first of these stopped short just beyond or north of the parkway exit the automobile directly in front of him began to stop by braking. The defendant immediately applied his brake but his automobile began to skid. He attempted to turn right and left, pumped his brake, but it continued to skid forward about 4 to 5 car lengths and collided with the automobile directly in front, which defendant later ascertained was owned and operated by the plaintiff. This explanation sufficiently raises an issue of fact as to the defendant’s negligence which precludes a summary disposition.
It should be remembered that ‘ ‘ issue-finding, rather than issue-determination, is the key” to summary judgment procedure. (Falk v. Goodman, 7 N Y 2d 87, 91.) The court “ is not authorized to try the issue, but is to determine whether there is an issue to be tried. If there is, it must be tried by a jury.” (Dwan v. Massarene, 199 App. Div. 872, 879.) Summary judgment cannot be granted unless the facts appearing in the moving and opposing papers would, if adduced at a trial, warrant the court in directing a verdict in favor of the plaintiff. *371 (Markowitz v. Kleimnan, 22 Misc 2d 565.) A trial court is justified in directing a verdict only if there is no evidence to sustain an opposite one. The test is whether the trial court could find 1 ‘ that by no rational process could the trier of the facts base a finding- in favor of the [party moved against] upon the evidence * * * presented.” (Blum v. Fresh Grown Preserve Corp., 292 N. Y. 241, 245.) The facts in the instant case do not meet that test. The motion is denied. Submit order.