First Department, April, 1970

(April 2, 1970)

Hermione W. De Paul et al., Respondents, v. Cyril George, Appellant, et al., Defendant.— Order entered November 3, 1969, directing summary judgment in favor of plaintiffs-respondents against defendant-appellant and an assessment of damages thereon, affirmed, without costs and without disbursements. The court is unanimous in sustaining the claim of plaintiffs-respondents that there is no issue as to the negligence of defendant-appellant, driver of the car in which they were passengers. That issue was laid to rest in the earlier litigation between defendant-appellant and the driver of the other vehicle (see B. R. DeWitt, Inc. v. Hall, 19 N Y 2d 141). We are not, however, unanimous as to another purported issue for, in the dissent, it is "noted that the contributory negligence of the plaintiffs, if any, was not an issue in the prior action and was never litigated." However, one need not look to the record of the

---

* Not published with other decisions of February, 1970, 33 A D 2d 1019. [Rep.

litigation between the drivers for evidence bearing on plaintiffs' possible contributory negligence, nor, on this point, is there reliance on the lawyer's affidavit which deals only with the claim of collateral estoppel on the issue of defendant's negligence. Ordinarily, in negating contributory negligence on a motion for summary judgment, a plaintiff makes affidavit stating the circumstances which would justify an inference of his freedom therefrom; the defendant would then be required to come forward with his proof to the contrary. But, in a passenger-against-driver case, particularly one involving a claim of excessive speed, the driver, if indeed anyone, should know wherein his passengers were contributorily negligent, and there should be no need to compel a plaintiff to state: "I was just sitting there and I don't know how it happened" or the equivalent in order to evoke the driver's response thereto. The driver is, after all, that party who has full knowledge concerning this element of the case, and he should be expected to come forward without the necessity of being prodded by the trite statement of his passenger. In this case, not only was no proof offered on this score, but the papers in opposition do not even mention the subject. To require plaintiffs in these circumstances to institute the first movement of a ritualistic dance by having to make this averment is to make a solemn mockery of the processes of justice. There remain, therefore, no issues to be determined except injury and damages. Concur — Eager, J. P., Markewich and Steuer, JJ.; Capozzoli, J., dissents in the following memorandum: I agree that the plaintiffs are entitled to rely on the prior judgment against the defendant-appellant as a collateral estoppel, provided they show that there is an identity of issues and a fair opportunity to the defendant-appellant to contest those issues in the earlier case. (*B. R. DeWitt, Inc. v. Hall,* 19 N Y 2d 141.) It must be noted that the contributory negligence of the plaintiffs, if any, was not an issue in the prior action and was never litigated. This, of itself, would be sufficient to defeat plaintiffs' motion for summary judgment, in the absence of proper proof on this subject. The only affidavit offered in support of their motion is that of an attorney for plaintiffs, to which a copy of the earlier judgment was attached. However, there is not a word from the plaintiffs as to whether they were free from contributory negligence. Not only has that issue not been determined in the earlier case, but it was not even considered. It had nothing to do with the earlier case. Therefore, that issue must be tried out, unless the plaintiffs submit sufficient proof to warrant the granting of summary judgment in their favor. Upon a motion for summary judgment the plaintiffs' causes of action must be established by evidentiary facts. (*Dwan v. Massarene,* 199 App. Div. 872, 879.) Plaintiffs must, in the first instance, set forth such evidentiary facts as shall establish their causes of action sufficiently to entitle them to judgment as a matter of law. If they fail to do this their motion must be denied, even if the opposing papers are themselves insufficient. The deficiency in the affidavits on both sides works against the plaintiffs, rather than the defendants. (*O'Connor-Sullivan v. Otto,* 283 App. Div. 269, 272.) For the above reasons, I believe that there should be a modification of the order appealed from so as to grant the motion of the plaintiffs to the extent of finding defendant-appellant guilty of negligence in the operation of his motor vehicle, and directing a trial on the issues of contributory negligence and damages, without prejudice to a renewed application by the plaintiffs for summary judgment based upon adequate proof of their freedom from contributory negligence.