## TITLE GUARANTEE & TRUST CO. v. WESOLICK.

(Supreme Court, Appellate Division, Second Department.   November 16, 1906.)

1. CONTRACTS—CONSTRUCTION.
  Where an application for a loan provided that the charges of the lender in examining the title offered as security, etc., should be paid by the applicant, whether the title was accepted or declined, the lender was only entitled to recover such charges, on declining the loan, in case such declination was made in good faith and was based on a substantial reason.

2. SAME—BURDEN OF PROOF.
  Plaintiff made a prima facie case by proving the performance of the services pursuant to the agreement to pay whether title was accepted or declined; the burden being on the defendant to show that such declination was capricious.

3. SAME.
  Under Tenement House Act, Laws 1901, p. 917, c. 334, § 129, providing that every fine imposed by a judgment for violation of the provisions of the act shall be a lien on the premises in relation to which the fine was imposed, an uncanceled lis pendens filed against property offered as security for a loan in an action for violation of such tenement house act was a sufficient reason for the lender's declining to make the loan, in the absence of evidence that it acted in bad faith, within a contract providing that the applicant for the loan should pay the lender's charges in examining the title to the property, whether the loan was made or declined.

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by the Title Guarantee & Trust Company against Joseph Wesolick. From a Municipal Court judgment in favor of defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before HIRSCHBERG, P. J., and JENKS, HOOKER, GAYNOR, and MILLER, JJ.

Albert A. Hovell, for appellant.
Edward G. Nelson, for respondent.

MILLER, J. The plaintiff seeks in this action to recover certain fees for drawing a mortgage and for making a search and a survey pursuant to the application of the defendant to plaintiff for a loan, and appeals to this court from the judgment of the Municipal Court dismissing its complaint.

The application for the loan, signed by the defendant, contained the following provision:

"It is understood that the company's charges are to be paid, whether the title is accepted or declined."

The title was declined by the plaintiff which refused to make the loan. The validity of the reasons assigned by the plaintiff for refusing to make the loan is not clearly shown, doubtless owing to the fact that the appellant's counsel labored under the belief upon the trial, as he apparently has upon this appeal, that in some way the title to real property was involved, and that the Municipal Court did not have jurisdiction to try such issue. We do not think that the provision of the application to the effect that the charges were to be paid, whether the title was accepted or declined, gave the plaintiff the right to recover for such charges in case it refused to make the loan capriciously, in bad faith and without substantial reason, but the burden of showing that such refusal was capricious rested upon the defendant who asserts it. The plaintiff made a prima facie case by proving the performance of the services pursuant to the agreement to pay, whether title was accepted or declined.

The reasons assigned for rejecting the title were three, viz.: First, a misdescription of the premises contained in the deeds; second, the absence of proof that the grantors named in one of the deeds in the chain of title were all of the heirs at law of the deceased grantee named in the deed immediately prior thereto; and, third, that there was an uncanceled lis pendens which had been filed against the property in an action brought for some violation of the tenement house act. It may be assumed that the first and second objections are shown to have been untenable, and still there is nothing in the record before us to show that the third objection was not a sufficient reason for refusing to accept the title. It is stated in the respondent's brief that said lis pendens has since been canceled, but the record is barren of any facts respecting it, except the statement that it was uncanceled of record and that the action was brought for some violation of the tenement house law. Section 129 of the tenement house act (Laws 1901, p. 917, c. 334) provides that every fine imposed by judgment for a violation of the provisions of the act shall be a lien upon the premises in relation to which the fine is imposed. In the absence of any evidence to establish the claim of bad faith, we do not think that the plaintiff's refusal to accept title because of said uncanceled lis pendens can be said to have been capricious or without substantial reason.

The judgment of the Municipal Court must be reversed, and a new trial ordered; costs to abide the event. All concur.