Title Guarantee and Trust Company, Appellant, *v.* Morris Smith, Respondent.

First Department, February 5, 1926.

Judgments — summary judgment — action by title company to recover fee for survey and preparation of papers — defendant agreed to pay fee whether loan was made or not — answer admits making contract — plaintiff's supporting affidavits show readiness and willingness to make loan and that land was subsequently condemned by city — defendant interposed no affidavits — summary judgment should have been granted plaintiff under Rules of Civil Practice, rule 113.

In an action by a title company to recover on a written contract for a loan, the amount of the fees for making a survey of the property and preparing papers, the plaintiff is entitled to summary judgment, where it appears that the contract provides that the fees shall be paid whether or not a loan is actually made; that the answer contains merely a general denial and by failure to deny the contract which was pleaded admitted the making thereof; that plaintiff's supporting affidavits show that it was ready and willing to make the loan applied for, but that the defendant did not close the deal and in fact the property on which the loan was to be made was subsequently condemned and taken by the city of New York, and that defendant did not by affidavits or other proof, as provided by rule 113 of the Rules of Civil Practice, show facts sufficient to entitle him to defend.

APPEAL by the plaintiff, Title Guarantee and Trust Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 13th day of May, 1925, denying plaintiff's motion made under rule 113 of the Rules of Civil Practice for summary judgment.

The defendant filed no answering affidavits. The court below stated: " *  *  *  This motion is denied. The cause of action is not one based on a liquidated claim."

*Hovell, McChesney & Clarkson* [*Sidney A. Clarkson* of counsel], the appellant.

*Max Sheinart,* for the respondent.

BURR, J. The action is on a written contract. The first cause of action alleges the contract signed by the defendant, a copy of which is attached to the complaint. The contract provided in part:

" The undersigned having applied to the Title Guarantee & Trust Company for the loan above mentioned [$165,000], and the same having been accepted on the terms herein stated, in consideration thereof the undersigned personally agrees to pay the fees specified in this application [$3,300]  *  *  *  and the Company's regular charge for survey and preparation of papers.  *  *  *  The undersigned agrees to pay said fees, charges and disbursements whether the title is accepted or declined, this agreement being in no way conditional or dependent upon a loan being made.  *  *  * "

Plaintiff, after pleading the contract, alleged, in substance, that it had been at all times ready thereafter to make the loan, but defendant refused to take it.

In plaintiff's second cause of action it pleaded an account stated based on this contract.

Defendant pleaded no affirmative defense but set up by his answer a general denial of the allegations of the complaint. He admitted by not denying the allegations that plaintiff is a corporation and that plaintiff and defendant entered into the written contract, copy of which is attached to the complaint.

Plaintiff moved for summary judgment under rule 113 of the Rules of Civil Practice upon the pleadings and supporting affidavits. These are affidavits made by officials and employees of the plaintiff from which it appears that plaintiff caused the title to the property in question to be examined, that plaintiff was at any time after July 23, 1924, ready, able and willing to advance or to have advanced the sum of $165,000 as a first mortgage upon the premises described in the contract, and to do all the other things

29

required by it to be done by the terms and provisions of the contract and that on September 27, 1924, the plaintiff wrote defendant as follows:

"Title No. 919215                "*Sept.* 27, 1924.

" Mr. MORRIS SMITH,
    " c/o Mr. BERNARD LONDON,
            " 220 Broadway,
                " New York:

" DEAR Sir.— Last June you asked us to examine title for a loan of $165,000 on premises on Fort George Avenue. The title was duly examined, papers drawn and our money has been reserved for the closing. Our fees amount to $3300.

" We understand that the transaction is held up indefinitely because there is some suggestion that this property be taken by the City for a park. We would like to have our bill paid for searching the title and underwriting the loan.

" We are sending our bill in full but it is understood that if you pay us on or before the 10th day of October, a reduction of $1,000 may be made in the charges as submitted in recognition of prompt payment.

" Yours very truly,
    " (Signed)        HORACE ANDERSON,
" H.A. /S.                        *Secretary.*"

Anderson, the plaintiff's secretary, further says in his affidavit:

" The defendant did not accept the offer of the reduced bill mentioned in said letter, and as a matter of fact he did not reply to me to that letter.

" I am informed and believe that the public records show that the real property in question and mentioned in said agreement is part of the property described in a certain resolution adopted by the Board of Estimate and Apportionment of the City of New York, on October 17th, 1924, whereby it was resolved that proceedings be instituted pursuant to provisions of the Greater New York Charter to condemn the real property in question for the addition to Highbridge Park. Such resolution provided that title should become vested in the City of New York on the date of the filing of the order of the Supreme Court granting the application to condemn the real property in question.

" I am informed and believe that the public records further show that such order of the Supreme Court granting such application was filed in the office of the Clerk of this Court on March 6th, 1925, and on that date title to the real property in question, which included that mentioned in the contract, vested in the City of New York.

" It would seem, therefore, that the defendant is not able now to carry out, or cause to be carried out the agreement in question."

McManus, bookkeeper of plaintiff, says in his affidavit:

" On December 17th, 1924, I personally deposited in a post office box in the Borough of Manhattan, City of New York, the original bill or statement of account of which the annexed is a carbon copy. The original bill was enclosed in what is known as a ' peek-a-boo envelope ' with the address showing on the outside of the envelope. The defendant had at that time an office at ' room 710 at 320 Fifth Avenue, New York City, and as I am informed and believe he was served with the summons and complaint in this action at that address."

Bill annexed to foregoing affidavit:

" Billhead of

" TITLE GUARANTEE AND TRUST COMPANY,

" Real Estate Title Insurance.

" Banking, Trusts.

" 176 Broadway.

" Capital and Surplus $21,000,000.

" No. 919215

" NEW YORK, *Dec.* 17, 1924.

" Mr. MORRIS SMITH,

          " Room 710,

                " 320 5th Ave.,

                     " New York City.

" Due to the Company as follows:

" 6 /11 /24 Fee for Services in connection with premises:

| | | |
|---|---|---:|
| " W /S Ft George Ave. 405 No. St. Nicholas Ave. . . . | | 3,300 00 |
| " Drawing Building Loan Agreement. . . . . . . . . . . . . . | | 10 00 |
| " " | Bond & Mortgage. . . . . . . . . . . . . . . . . . | 7 50 |
| " " | Consent. . . . . . . . . . . . . . . . . . . . . . . . . . . | 5 00 |
| " " | Guarantee. . . . . . . . . . . . . . . . . . . . . . . . . . | 3 00 |

" 3,325 50 "

Other affidavits showing performance by plaintiff of its contract with defendant are made by Cornwell, employed in the law department of plaintiff, who says:

" Upon the completion of the examination of the title subsequent to the application dated June 11th, 1924, herein, the report of title came to me in the usual course.

" I then wrote and sent on July 23rd, 1924, to Mr. London [defendant's attorney] a letter of which the following is a copy:

" '*July* 23rd, 1924.

" ' Title Number 919–215

" ' Mr. BERNARD LONDON,

" ' 220 Broadway,

" ' New York City.

" ' DEAR SIR.— Our examination of title to premises fronting on Fort George Avenue and St. Nicholas Avenue, has been completed, and title has been certified in Agreeable Realty Co., Inc., free and clear of mortgage encumbrances.

" ' Searches have been made for taxes and all liens to date and report unpaid taxes 1924 — first half — $164.40. If this has been paid the receipt should be submitted at closing, but no payment should be made prior thereto.

" ' We have approved title subject to these facts and based upon a description which we understand has been agreed upon for your mortgage, a copy of which is forwarded herewith. We do not advise using this description, however, in any transfer of the fee title. There are reasons why it should not be used which would not apply to the present mortgage loan.

" ' Please communicate with this office when you are prepared for advances and arrange concerning a survey.

" ' Yours very truly,

" ' (Signed)  L. E. CORNWELL,

" ' L. E. CORNWELL/ ME                    For the Company.'

" ' I enclose with this letter a description of the property.

" ' The defendant Morris Smith has never requested me to set a date for the closing of the matter and has never offered, as far as I know, to execute the necessary papers and accept the loan.' "

And Arthur C. Damsgaard, who is in the employ of plaintiff in its loan department, says in his affidavit:

" I know the defendant Morris Smith. I personally took in the application for the loan in this matter and have had general charge of the details connected with the agreement dated June 11th, 1924, sued upon herein.

"At no time since the date of said agreement has the defendant stated to me or given notice that he has been ready to execute or cause to be executed the necessary papers connected with the transaction and take the moneys on said loan, or any part thereof.

" If the defendant had written in to the plaintiff stating that he was ready to have the papers executed and accept the moneys on the loan the letter would in the ordinary course of events and in the due course of business in the Company have come to me. No such letter has been received by the Company to my knowledge.

"At some time subsequent to the 1st day of August, 1924, I learned that the city had condemned the property in question, and that it was to be taken over by the city and used as a park."

To the facts set forth in the affidavits the defendant made no reply whatever on this motion so that it may be assumed the facts are as stated.

"The cases to which rule 113 is applicable are express contracts for the payment of money, or where the agreement to pay arises out of a contract relation, as on a *quantum meruit* or *quantum valebat* * * *." (*Poland Export Corp.* v. *Marcus*, 204 App. Div. 302, 303.)

The making of the contract is not denied by defendant. The burden of proving that thereafter the plaintiff refused to make the loan, if such were the fact, would be on defendant. (*Title Guarantee & Trust Co.* v. *Wesolick*, 115 App. Div. 608.)

Plaintiff sued to recover the debt due on the contract, and its claim is amply supported by the affidavits submitted. It clearly appears defendant did not want the loan for the reason that the property was to be taken for a public park.

The contract provided specifically that it is "in no way conditional or dependent upon a loan being made." But the proof submitted by plaintiff shows that the plaintiff or the City Real Estate Company was actually ready to make the loan. Plaintiff was entitled to receive the $3,300 fee agreed upon in the contract, and also the $25.50 charges for drawing the papers, which defendant specifically agreed to pay and to which he never objected after rendition of the bill. Defendant was *prima facie* obligated to pay the $3,300 amount called for by the contract and the $25.50 charges, making the total $3,325.50.

The motion should have been granted unless the defendant under the provisions of rule 113 of the Rules of Civil Practice "by affidavit, or other proof, shall show such facts as may be deemed, by the judge hearing the motion, sufficient to entitle him to defend." This he failed to do.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion for summary judgment granted, with ten dollars costs.

CLARKE, P. J., DOWLING, MERRELL and MCAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.